UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

RACHEL GRAYLESS,

          Plaintiff,

    v.

ALLSTATE INSURANCE COMPANY,

          Defendant.

CASE NO. 3:21-CV-5492-DWC

ORDER ON MOTION TO COMPEL

This matter comes before the Court on Plaintiff Rachel Grayless's Motion to Compel. Dkt. 10. Having considered the parties' briefing and the relevant record, the Motion (Dkt. 10) is denied-in-part, granted-in-part, and deferred-in-part for reasons explained herein. In addition, Grayless's Motion to Extend (Dkt. 21) is granted.

**I.     Background**

In the Complaint, Grayless alleges that she was injured in a motor vehicle accident on December 5, 2018. Dkt. 1-1. On the date of the accident, Grayless was insured by Defendant Allstate Insurance Company and her policy included underinsured motorist coverage (UIM). *Id*. at ¶ 2.6. After receiving policy limits from the at-fault driver, Grayless made a claim to Allstate for payment within her UIM policy limits. *Id*. at ¶ 2.9. Grayless contends Allstate unreasonably refused to compensate her for the damages she sustained in the accident. *Id*. at ¶ 2.10. As a result, Grayless alleges Allstate is liable under theories of breach of contract and bad faith. *Id*. at

¶¶ 3.1 – 4.1. She also alleges Allstate violated Washington's Insurance Fair Conduct Act (IFCA). *Id*. at ¶ 5.1.

On October 21, 2021, Grayless filed the pending Motion to Compel, asserting Allstate has failed to adequately respond to an Interrogatory and three Requests for Production (RFP). Dkt. 10.

**II.     Discussion**

The Court strongly disfavors discovery motions and prefers that the parties resolve discovery issues on their own. However, if the parties are unable to resolve a discovery dispute, the requesting party may move for an order to compel. Fed. R. Civ. P. 37(a)(1). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1). Information is relevant if it is "reasonably calculated to lead to the discovery of admissible evidence." *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005) (quoting *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1470 (9th Cir. 1992)). In addition to relevance, the Court must determine whether discovery is proportional, "considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). The Court has broad discretion to decide whether to compel disclosure of discovery. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002).

   1.   <u>Request for Production No. 6</u>

In RFP No. 6, Grayless asked Allstate to produce a copy of Allstate's claims manual that was in effect in 2018. Dkt. 11 at 11. Grayless states Allstate has now agreed to produce the

1  claims manuals. Dkt. 20. Therefore, the Court finds Grayless's request for an order compelling

2  Allstate to respond to RFP No. 6 is denied as moot.

3      2.   <u>Interrogatory No. 1 and Request for Production No. 1</u>

4      Interrogatory No. 1 asks Allstate to "**[i]dentify** each **person**, including but not limited to

5  each entity, agency, employee, agent, and/or independent contractor who adjusted, reviewed,

6  advised, investigated, made an entry in the claims diary or claims file, or did any work

7  whatsoever regarding all claims which are the subject of this litigation." Dkt. 11 at 6 (emphasis

8  in original). RFP No. 1 asks Allstate to produce, with respect to each person identified in

9  Interrogatory No. 1,

10     a) All performance evaluations for the last five years, including of the most recent performance evaluation;
11     b) All company or company sponsored education courses (taped or written) attended or reviewed;
12     c) All organizational charts that reflect the chain of command and the person's position within that organizational chart;
13     d) Job description for each position occupied by that the person at all times material to Ms. Grayless's claim(s); and
14     e) Letters of complaint received by defendant regarding the person.

15 Dkt. 11 at 6-7.

16     Allstate objected to Interrogatory No. 1 and RFP No. 1 on the grounds that the requests

17 were overly broad, unduly burdensome, and sought information that is neither relevant nor

18 proportional to the issues in this case. *Id*. at 7. In Allstate's Response to the Motion to Compel,

19 Allstate reiterates that requests contained in Interrogatory No. 1 and RFP No. 1 are not

20 proportional to the needs of this case. Dkt. 12 at 14-15. In the Motion to Compel, Grayless does

21 not explain how the information sought is relevant or proportional; rather, Grayless asserts

22 Allstate had previously agreed to provide this information. *See* Dkt. 10 at 12.

23

24

ORDER ON MOTION TO COMPEL - 3

While the party seeking discovery has the burden to show the relevancy of the request, "the parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes." *McCall v. St. Farm Mut. Auto. Ins. Co.*, 2017 WL 3174914, at *6 (D. Nev. July 26, 2017) (quoting *In re Bard IVC Filters Prods.*, 317 F.R.D. 562, 563 (D. Ariz. 2016)).

First, Grayless states Allstate has provided a response to Interrogatory No. 1 by identifying three individuals who adjusted Grayless's claim. Dkt. 10 at 5. Grayless's amended proposed order does not include an order directing Allstate to provide any additional response to Interrogatory No. 1. *See* Dkt. 20-1. Therefore, Grayless's request for an order compelling Allstate to respond to Interrogatory No. 1 is denied as moot.

Second, Grayless's RFP No. 1 is vague, overboard, and disproportionate to the needs of this case. *See* Dkt. 11 at 6-7. Here, Grayless (the insured) alleges Allstate (her UIM insurance carrier) is liable for bad faith, breach of contract, and violations of IFCA arising from a motor vehicle accident. *See* Dkt. 1-1. The at-fault-driver's insurance carrier paid policy limits to Grayless. *Id*. Grayless then sought to recover from Allstate an amount within her UIM policy limits. *Id*. Allstate has denied the claim. *Id*.

RFP No. 1 requests Allstate produce a substantial amount of information about individuals who may have had minimal involvement in Grayless's claims. *See* Dkt. 11 at 6-7. There are no limitations to the requested information. Moreover, RFP No. 1 contains vague requests. For example, it is not clear what Grayless means by "letter of complaint." Overall, most of the information sought in RFP No. 1 does not appear proportionate to the needs of this UIM case. However, the Court finds some information sought in RFP No. 1 should be provided to

Grayless. Therefore, Grayless's request for an order compelling Allstate to respond to RFP No. 1 is denied-in-part and granted-in-part. Allstate is directed to produce:

1. Written job descriptions for the positions held by the three individuals identified in Interrogatory No. 1 at the time of Grayless's claim;

2. A list of all company or company sponsored education courses (taped or written) attended or reviewed by the three individuals identified in Interrogatory No. 1;

3. Organizational charts regarding the claims department handling claims in the state of Washington at the time of Grayless's claim.

The Court declines to compel Allstate to respond to any other portion of RFP No. 1

### 3. Request for Production No. 4

RFP No. 4 asks Allstate to

> [p]roduce a complete, legible copy of each file [Allstate] ha[s] maintained arising out of [Allstate] providing insurance to Ms. Grayless, including copies of any file covers, post-it notes, tabs and writings of any kind. If [Allstate is] withholding any documents responsive to this RFP produce a privilege log to identify the reasons and/or bases for withholding those documents.

Dkt. 11 at 9. Allstate states it has provided the 4,307-page claim file to Grayless, subject only to redactions of email correspondence and claim diary entries pertaining to intervention and litigation strategy. *See* Dkt. 12 at 8. Allstate asserts the redacted documents are protected by attorney-client privilege and/or work product privilege. Dkt. 12; *see also* Dkt. 11 at 62-100.

The attorney-client privilege, as a substantive evidentiary privilege, is governed by state law. *See* Fed.R.Evid. 501; *Lexington Ins. Co. v. Swanson*, 240 F.R.D. 662, 666 (W.D.Wash. 2007). The work product doctrine, by contrast, is a procedural immunity and is therefore governed by the Federal Rules of Civil Procedure. *See Union Pacific R. Co. v. Mower,* 219 F.3d 1069, 1077 n. 8 (9th Cir.2000).

Under Washington law, attorney-client privilege is presumptively inapplicable in a first-party insurance bad faith action. *Cedell v. Farmers Ins. Co. of Wash.*, 176 Wn.2d 686, 697

ORDER ON MOTION TO COMPEL - 5

(2013). *Cedell* creates a presumption that there is no attorney-client privilege relevant between the insured and the insurer in the claims adjustment process. *Id*. However, "in the UIM context, the insurance company is entitled to counsel's advice in strategizing the same defenses that the tortfeasor could have asserted." *Id*. An insurer may, therefore, overcome *Cedell*'s "presumption of discoverability by showing its attorney was not engaged in the quasi-fiduciary tasks of investigation and evaluating or processing the claim, but instead in providing the insurer with counsel as to its own liability: for example, whether or not coverage exists under the law." *Id*. at 699. "Upon such a showing, the insurance company is entitled to an *in camera* review of the claims file, and to the redaction of communications from counsel that reflected the mental impressions of the attorney to the insurance company, unless those mental impressions are directly at issue in its quasi-fiduciary responsibilities to its insured." *Id*.

"To qualify for work-product protection, documents must: (1) be 'prepared in anticipation of litigation or for trial' and (2) be prepared 'by or for another party or by or for that other party's representative.' " *United States v. Richey*, 632 F.3d 559, 567–68 (9th Cir. 2011) (quoting *In re Grand Jury Subpoena, Mark Torf/Torf Envtl. Mgmt. (Torf)*, 357 F.3d 900, 907 (2004)). When a document serves a dual purpose (where it was not prepared exclusively for litigation), the "because of" test is used. *Richey*, 632 F.3d at 567–68 (quoting *Torf*, 357 F.3d at 907). Dual purpose documents are deemed prepared because of litigation if, in light of the nature of the document and the factual situation in the particular case, the document can be fairly said to have been prepared or obtained because of the prospect of litigation. *Richey*, 632 F.3d at 567–68. Courts must consider the totality of the circumstances and determine whether the document was created because of anticipated litigation and would not have been created in substantially similar form but for the prospect of litigation. *Id.* at 568.

Opinion work product "is virtually undiscoverable." *Republic of Ecuador v. Mackay*, 742 F.3d 860, 870 n.3 (9th Cir. 2014). However, the Ninth Circuit has found that, on a case-by-case basis, an insured may be able to obtain opinion work product. *Holmgren v. State Farm Mut. Auto. Ins. Co.,* 976 F.2d 573, 577 (9th Cir. 1992). In contrast, materials prepared in the ordinary course of business are not protected. Fed. F. Civ. P. 26(b)(3), 1970 Advisory Committee Notes. "[A]n insurer cannot delegate its obligation to make a coverage determination, which is after all its business, to an attorney and then claim 'work product privilege.'" *Tilden-Coil Constructors, Inc. v. Landmark Am. Ins. Co.*, 2010 WL 3789104, at *1–2 (W.D. Wash. Sept. 23, 2010) (quoting *Country Life Ins. Co. v. St. Paul Surplus Lines Ins. Co.*, 2005 WL 3690565, at *7 (C.D. Ill. 2005)).

Here, the Court cannot determine whether each document listed on the privilege log is protected by the attorney-client and/or work product privileges. *See* Dkt. 11 at 62-100. For example, some entries indicate the document in question is communication between an Allstate employee and an attorney. *Id*. Other entries indicate an Allstate employee made an entry in the claims file. *Id*. The descriptions of the withheld documents are not sufficiently detailed to allow the Court to determine if a document has been properly withheld. *Id*. In addition, Allstate has indicated several of the documents on the privilege log are duplicates; however, this is not referenced in the log. Dkt. 12 at 7.

As the Court cannot determine, based on the privilege log, if documents were properly withheld, the Court defers ruling on Grayless's request for an order compelling Allstate to produce the entire unredacted claim file as requested in RFP No. 4. To determine if Allstate is entitled to assert privileges, the Court must conduct an *in camera* review. Prior to conducting *in camera* review, the Court directs Allstate to clarify the privilege log and directs the parties to

meet and confer. *See Gamble v. State Farm Mut. Auto. Ins. Co.*, 2020 WL 4193217, at *4 (W.D. Wash. July 21, 2020) (ordering defendant insurer in UIM case to produce to the Court for *in camera* review the materials at issue entered in the privilege log); *Lynch v. Safeco Insurance Company of America*, 2014 WL 12042523 (W.D. Wash. March 7, 2014) (directing parties to clarify privilege log and meet and confer before conducting *in camera* review).

### III.   Motion for Extension

On December 15, 2021, Grayless moved to extend the expert witness disclosure and discovery deadlines. Dkt. 21. Grayless states Allstate is agreeable to an extension. *Id*. As the Court is continuing to consider discovery disputes in this case, the Court finds an extension of time is warranted. Accordingly, Grayless's Motion to Extend (Dkt. 21) is granted. The expert witness disclosure deadline is extended to February 16, 2022 and the discovery deadline is extended to April 2, 2022. All other dates in the Order Setting Trial, Pretrial Dates, and Ordering Mediation (Dkt. 9) remain unchanged.

### IV.   Conclusion

For the foregoing reasons, Grayless's Motion to Compel (Dkt. 10) is denied-in-part, granted-in-part, and deferred-in-part as follows:

1. Grayless's request for an order compelling Allstate to respond to RFP No. 6 is denied as moot.

2. Grayless's request for an order compelling Allstate to respond to Interrogatory No. 1 is denied as moot.

3. Grayless's request for an order compelling Allstate to respond to RFP No. 1 is denied-in-part and granted-in-part. Allstate is directed to produce, on or before **January 7, 2022**:
   a. Written job descriptions for the positions held by the three individuals identified in Interrogatory No. 1 at the time of Grayless's claim;
   b. A list of all company or company sponsored education courses (taped or written) attended or reviewed by the three individuals identified in Interrogatory No. 1; and

      c. Organizational charts regarding the claims department handling claims in the state of Washington at the time of Grayless's claim.

All other portions for RFP No. 1 are denied.

4. The Court defers ruling on Grayless's request for an order compelling Allstate to respond to RFP No. 4 and orders the following:
    a. Allstate is directed to clarify and attempt to provide additional detail in the privilege log, to include identification of duplicates and additional detail as to the content of each document. Allstate shall provide the updated privilege log to Grayless by **December 24, 2021.**
    b. The parties are directed to meet and confer to clarify and narrow the documents that are still in dispute. The parties are directed to file a joint status report by **January 7, 2022** identifying which documents, if any, must be reviewed by the Court *in camera*. If documents remain in dispute, Allstate must submit those documents to the Court for *in camera* review on that same date, **January 7, 2022**.[1]

5. The Court defers ruling on Grayless's request for attorney fees until the Motion is completely resolved.

In addition, Grayless's Motion to Extend (Dkt. 21) is granted as follows:

1. Expert witness disclosure/report deadline is extended to February 16, 2022; and

2. Discovery deadline is extended to April 2, 2022.

All other dates in the Order Setting Trial, Pretrial Dates, and Ordering Mediation (Dkt. 9) remain unchanged

As the Court is deferring ruling on a portion of Grayless's Motion to Compel, the Clerk is directed to re-note the Motion to Compel (Dkt. 10) to January 7, 2022.

Dated this 16th day of December, 2021.

David W. Christel
United States Magistrate Judge

---

[1] While the Court is aware of the holiday season, the Court has set deadlines in an effort to eliminate additional extensions that may impact the parties' preferred trial date.

ORDER ON MOTION TO COMPEL - 9